**SO ORDERED.**
**SIGNED this 26th day of January, 2015**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

MARVIN LEWIS HOUSER, JR.
CHRISTI LYNNE HOUSER

Case No. 12-30098

Debtors

## MEMORANDUM AND ORDER ON
## MOTION BY DEBTORS TO RECONSIDER ORDER ON
## MOTION TO AVOID LIEN PURSUANT TO
## 11 U.S.C. § 522(f)(1)(A)

Before the court is the Motion by Debtors to Reconsider Order on Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(1)(A) (Motion to Reconsider) filed by Debtors on January 21, 2015, asking the court to amend its Memorandum and Order entered January 8, 2015, in which the court granted Debtors' motion to avoid a judicial lien of Discover Bank, avoiding the lien in its entirety, granted in part and denied in part Debtors' motion to avoid a judicial lien of Capital One Bank (USA), N.A. (Capital One), avoiding the lien to the extent it impaired Debtors' homestead exemption, and directed both creditors to record a release of their respective liens. In the Motion to Reconsider, Debtors request that the court amend the Memorandum and Order to

provide that in the event the creditors do not release their liens, the court's order does so and that the court amend the Memorandum and Order to reflect the accurate amount of Capital One's lien, which was incorrectly stated by Debtors in their original motion.

Although Debtors did not reference any authority for the Motion to Reconsider, the court recognizes two applicable grounds. The first request – that the court amend its Memorandum and Order to provide that "to the extent the creditor does not release the lien, the Order of the Court avoids the lien in full" – is governed by Rule 9023 of the Federal Rules of Bankruptcy Procedure, incorporating therein Rule 59 of the Federal Rules of Civil Procedure. The second request – that the amount of the judgment lien for Capital One be corrected and the impairment recalculated accordingly – is governed by Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating therein Rule 60(a) of the Federal Rules of Civil Procedure.

With respect to Debtors' first request that the Memorandum and Order be amended to provide that Discover Bank's lien is satisfied in full and Capital One's lien is avoided to the extent it impairs their homestead exemption, the Motion to Reconsider is DENIED. Rule 59 provides, in material part, that the court may amend its findings of fact and conclusions of law upon the request of a party. *See, e.g., Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("A motion to reconsider a judgment is a species of petition to alter or amend that judgment under [Federal Rule of Civil Procedure] 59(e)."); *Cincinnati Ins. Co. v. Crossman Cmtys., Inc.*, 2008 WL 2598550, at *2, 2008 U.S. Dist. LEXIS 49383, at *5 (E.D. Ky. June 26, 2008) (holding that although Rule 59(e) refers to amendment of a judgment, the court has an inherent power to reconsider and amend its interlocutory orders and may utilize Rule 59(e) as a vehicle for doing so). Rule 59(e), however, should only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest

injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted). The Memorandum and Order entered on January 8, 2015, already expressly provides that the judicial lien of Discover Bank is avoided in its entirety and that the judicial lien of Capital One is avoided to the extent that it impairs Debtors' homestead exemption. There is nothing further that needs to be ordered. If either creditor fails to file a release of its respective lien, Debtors may record the amended Memorandum and Order containing the corrected judicial lien amount for Capital One with the Register of Deeds for Knox County, Tennessee.

Concerning Debtors' second request, Rule 60(a) provides that the court "may correct a clerical mistake . . . whenever one is found in . . . the record." Fed. R. Civ. P. 60(a); *see also Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 441 (6th Cir. 2002) ("[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" (citation omitted)). In this case, Debtors' motions to avoid the judicial liens of Discover Bank and Capital One incorrectly stated that Capital One's judgment was in the amount of $3,239.88 when, in fact, the amount was $21,592.22. Recital of this incorrect amount significantly changes the amount to which Capital One's lien is avoided; therefore, Debtors' Motion to Reconsider is GRANTED to the extent that it seeks to correct the extent to which Capital One's lien is avoided. An amended memorandum and order will issue to correct those figures.

###